**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-25-04098-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| $29,980.00 in US Currency, et al., | |
| Defendants. | |

Plaintiff United States of America filed this forfeiture action against the *in rem* Defendants, $29,980.00 and $21,000.00 in United States currency. The United States obtained a warrant for Arrest *in rem* on November 4, 2025 and subsequently took possession of the currency. (Docs. 5, 14.) Service was timely executed on potential claimants Marquice Lester, William Lester, and Darius Freeman. (Doc. 9.) The United States also published notice of forfeiture on an official government Internet website, www.forfeiture.gov, for at least thirty straight days. (Doc. 10.) No potential claimant has appeared and, upon application by the United States, on January 8, 2026, the Clerk of Court entered default against Marquice Lester, William Lester, Darius Freeman, and all other potential claimants. (Doc. 12.) The United States now moves for a default judgment. (Doc. 14.) Substantial time has passed since the United States so moved with no potential claimant seeking to set aside the entry of default.

The Court has reviewed the motion and the entire record. Jurisdiction and venue are proper. The Court also finds that the United States has satisfied all service of process and

notice requirements under the Federal Rules of Civil Procedure. The United States has also satisfied the conditions for the entry of default and the entry of a default judgment under Rule 55(a) and (b).

The Court has considered the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), and, for the following reasons, finds that the factors warrant the entry of a default judgment.[*]

Delaying the entry of judgment for potential claimants to appear will prejudice the United States as potential claimants have already been provided notice. To date, no claimants have appeared and there is no sign that any will do so in the foreseeable future. *See United States v. Approximately $28,000 in U.S. Currency*, No. 09-5377 SC, 2010 WL 1340110, at *4 (N.D. Cal. Apr. 5, 2010) (recognizing prejudice where the government would be required to expend time and resources in an action without an opposing party). Thus, the first factor favors default.

Relatedly, the fifth factor concerning disputes over material facts supports a default judgment because no claimant has appeared to dispute the claims despite having notice. *See United States v. $27,800 in U.S. Currency*, No. 17-CV-00533-AJB-KSC, 2017 WL 6345394, at *4 (S.D. Cal. Dec. 8, 2017).

As to the second and third factors, the Court finds, by a preponderance of the evidence, that the complaint allegations sufficiently allege that the $29,980.00 and $21,000.00 *in rem* Defendants were obtained through illegal drug trafficking activity. As default has been entered, the Court accepts the well-pleaded complaint allegations as true. *United States v. $16,000.00 in United States Currency*, No. 3:19-CV-319-MMD-WGC, 2020 WL 1436986, at *5 (D. Nev. Mar. 24, 2020) ("For purposes of a default judgment,

---

[*] The factors below are considered when deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the sum of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits. *Eitel*, 782 F.2d at 1471-72.

the well-pled allegations of the complaint are taken as true. Furthermore, upon default, the defendant's liability is conclusively established and the factual allegations in the complaint, except those relating to damages, are accepted as true." (citation omitted)). These factors justify default.

Moving to the fourth factor, the Court finds that the amount of money at stake—a total of $50,980.00—supports the entry of default judgment. This amount represents a significant but not extravagant sum. *See United States v. $73,982.00 in U.S. Currency*, No. 3:12-CV-00363-LRH, 2013 WL 6844802, at *2 (D. Nev. Dec. 19, 2013) (concluding that $73,982.00 was not so large as to "preclude default judgment"); *United States v. Approximately $72, 000 in U.S. Currency*, No. C 08-1305 JCS, 2009 WL 506866, at *4 (N.D. Cal. Feb. 27, 2009) (concluding that $72,000 was not so large as to warrant denial of default judgment).

The sixth factor favors default because the United States satisfied its service and notice requirements and therefore any claimant's failure to answer is likely not a result of excusable neglect. *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071-72 (D. Ariz. 2006).

As the Federal Rules of Civil Procedure favor a decision on the merits, the seventh factor generally weighs against default judgment, but the existence of Rule 55(b) "indicates that 'this preference, standing alone, is not dispositive.'" *PepsiCo, Inc. v. Cal Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (quoting *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996)). This factor is not sufficient on its own to preclude an entry of default judgment.

Upon weighing all the *Eitel* factors, the Court finds that the United States is entitled to default judgment.

. . . .

. . . .

. . . .

. . . .

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Motion for Entry of Default Judgment of Forfeiture (Doc. 14) is **GRANTED**. The interest of Marquice Lester, William Lester, Darius Freeman, and all others in the defendant property and in favor of the United States and all others in Defendants $29,980.00 and $21,000.00 in United States currency, is forfeited to the United States of America in accordance with 21 U.S.C. § 881 and 18 U.S.C. § 981(a)(1)(A) and (C).

**IT IS FURTHER ORDERED** that the defendant property be disposed of according to law.

**IT IS FINALLY ORDERED** that the Clerk of Court must enter final judgment consistent with the Order and close this case.

Dated this 6th day of March, 2026.

Michael T. Liburdi
Michael T. Liburdi
United States District Judge